UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) | |
| Plaintiff, ) ) | 03:05-CV-00172-LRH-VPC |
| v. ) ) | ORDER |
| KENNETH W. HAWK, MICHAEL J. DELARGY and THOMAS R. DE JONG, ) ) ) | |
| Defendants. ) ) | |

Presently before the court is defendant Kenneth W. Hawk's ("Hawk") Motion for Partial Summary Judgment Re Secondary Liability Claims (# 100[1]). The Securities and Exchange Commission ("SEC") has filed an opposition (# 107), and Hawk replied.

## I. Factual Background

In this action, the SEC alleges that Hawk, Michael J. Delargy and Thomas R. de Jong, former senior officers of iGo Corporation, engaged in fraudulent accounting practices that caused iGo to overstate its revenue in financial documents. Relevant to this order are the SEC's fourth, fifth, and sixth claims for relief. The SEC's fourth claim alleges that Defendants aided and abetted iGo's violations of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Exchange Act Rules 12b-20, 13a-1 and 13a-13, 17 C.F.R. §§ 240.12-20, 240.13a-1 and 240.13a-13. The fifth

---

[1]Refers to the court's docket number.

cause of action alleges that Defendants aided and abetted iGo's violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(A) and 78(m)(2)(B). Finally, the sixth claim for relief alleges that Hawk, as a control person of iGo, is liable to the same extent as iGo for violations of sections 10(b), 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), and 78(m)(B)(2)(B), and Exchange Act Rules 10b-5, 12b-20, 13a-1, and 13a-13, 17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, and 240.13a-13.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); s*ee also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001). For those issues where the moving party will not have the burden of proof at trial, the movant must point out to the court "that there is an absence of evidence to support the nonmoving party's case." *Catrett,* 477 U.S. at 325.

In order to successfully rebut a motion for summary judgment, the non-moving party must

1  point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*
2  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might
3  affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
4  242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary
5  judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute
6  regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could
7  return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of
8  a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a
9  genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff.
10  *See id.* at 252.

11  **III.  Discussion**

12  **A.  Control Person Liability**

13  In the present motion, Hawk argues that the sixth claim for relief, alleging control person
14  liability, must be dismissed because Section 20(a) of the Exchange Act is not available to the SEC
15  in an enforcement action against a control person.  Additionally, Hawk argues that the claim must
16  be dismissed because the SEC has failed to join the alleged primary violator as a defendant.  In
17  opposing the motion, the SEC argues that Hawk's position has been uniformly rejected by the
18  courts.

19  Section 20(a) of the Exchange Act provides,

20  Every person who, directly or indirectly, controls any person liable under any
    provision of this chapter or of any rule or regulation thereunder shall also be liable
21  jointly and severally with and to the same extent as such controlled person to any
    person to whom such controlled person is liable, unless the controlling person acted
22  in good faith and did not directly or indirectly induce the act or acts constituting the
    violation or cause of action.
23

24  15 U.S.C. § 78t(a).  Pursuant to the Exchange Act, a "person" is "a natural person, company,
25  government, or political subdivision, agency, or instrumentality of a government."  15 U.S.C. §
26

3

78c(a)(9). At issue in the present motion is whether the SEC can bring an enforcement action against a control person under Section 20(a).

There is conflicting authority as to whether the SEC can maintain an enforcement action pursuant to Section 20(a). Hawk relies on *S.E.C. v. Stringer*, 2003 WL 23538011 (D. Or. 2003), in arguing that Section 20(a) is not available to the SEC. In *Stringer*, the District or Oregon concluded that Section 20(a) does not permit an enforcement action. *Id*. at *2; *see also SEC v. Coffey*, 493 F.2d 1304, 1318 (6th Cir. 1974). Nevertheless, the majority of courts have concluded that an SEC enforcement action can be brought pursuant to Section 20(a). *See*, *e.g. SEC v. First Jersey Securities*, *Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996) ("Since § 20(a) is available as an enforcement mechanism to 'any person to whom such controlled person is liable,' and the 1934 Act includes government agencies in the definition of 'person,' *see* 15 U.S.C. § 78c(a)(9), we have upheld the SEC's authority to pursue an enforcement action under § 20(a)."); *SEC v. Smith*, 2005 WL 2373849 (S.D. Ohio 2005) (finding the Sixth Circuit's holding in *Coffey* no longer valid in light of the congressional amendment to the definition of "person"); *SEC v. Buntrock*, 2004 WL 1179423 (N.D. Ill. 2004) (Agreeing with "[t]he current weight of authority from courts around the country . . . that the Second Circuit's position is the correct one."); *SEC v. Fitzgerald*, 135 F.Supp.2d 992, 1029 (N.D. Cal. 2001); *SEC v. Enterprises Solutions, Inc.*, 142 F.Supp.2d 561 (S.D.N.Y. 2001).

Although the court finds *Stringer* to be a well-reasoned and tenable decision, this court agrees with the majority of courts that the SEC can bring an enforcement action against a control person under Section 20(a). Section 20(a) provides, in pertinent part, "[e]very person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally. . . to any person to whom such controlled person is liable. . . ." 15 U.S.C. § 78t(a). The Exchange Act explicitly defines the term "person" to include the SEC. *See* 15 U.S.C. § 78c(a)(9). Therefore, the plain language of the

4

statute permits suit by the SEC. When interpreting a statute, this court must give words their ordinary or plain meaning. *Johnson v. Aljian*, —F.3d— , 2007 WL 1760751 (9th Cir. 2007) (citing *United States v. TRW Rifle 7.62X51MM Caliber*, 447 F.3d 686, 689 (9th Cir. 2006)). In light of the plain meaning of Section 20(a) and the weight of the authority, Hawk's argument that this action cannot be maintained must be rejected.

Hawk next argues that the SEC's Section 20(a) claim must be dismissed because the SEC failed to join iGo, the allegedly controlled entity, as a defendant. The SEC, on the other hand, argues that there is no requirement that the controlled party be joined in the suit.

Although Hawk has found some authority to support his position, *In re Pronetlink Sec. Litig.*, 403 F.Supp.2d 330, 337 (S.D.N.Y. 2005), the majority of courts to address the issue have concluded that it is not necessary to join the primary violator in an action against a control person. *See*, *e.g., SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1170 n.47 (D.C. Cir. 1978) ("It is established that the plaintiff need not proceed against the principal perpetrator, nor need the principal perpetrator be identified in the complaint."); *In re Exodus Communications, Inc. Sec. Litig.*, 2005 WL 1869289 (N.D. Cal. 2005); *In re CitiSource, Inc. Sec. Litig.*, 694 F.Supp. 1069 (S.D. N.Y. 1988) ("[T]he liability of the primary violator is simply an element of proof of a section 20(a) claim, and . . . liability need not be actually visited upon the primary violator before a controlling person may be held liable for the primary violator's wrong.").

This court agrees with the majority of courts and finds that the primary violator need not be joined in an action against a control person. The court finds nothing in the language of Section 20(a) that would mandate joinder of the controlled entity as a defendant. "In order to prove a prima facie case under § 20(a), plaintiff must prove: (1) a primary violation of federal securities laws . . . ; and (2) that the defendant exercised actual power or control over the primary violator. . . ." *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000) (citing *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1575 (9th Cir. 1990)). Here, the SEC has sufficiently alleged both elements

of its cause of action. As such, summary judgment will be denied.

**B. Aiding and Abetting**

The SEC's fourth and fifth claims allege that Hawk aided and abetted violations of Sections 13(a) and 13(b). Hawk seeks dismissal of these claims arguing that the SEC's failure to join iGo as a defendant is fatal to the causes of action.

Section 20(e) of the exchange act provides, in relevant part,

> any person that knowingly provides substantial assistance to another person in violation of a provision of this chapter, or of any rule or regulation issued under this chapter, shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided.

15 U.S.C. § 78t(e). In this case, Hawk has provided no authority for the proposition that a primary violator must be joined in a suit brought under Section 20(e), and the court has not found any. Moreover, the plain language of Section 20(e) does not indicate such a requirement. As such, the court finds that Section 20(e) does not require joinder of the primary violator in order to hold a defendant liable.

IT IS THEREFORE ORDERED that Hawk's Motion for Partial Summary Judgment Re Secondary Liability Claims (# 100) is hereby DENIED.

IT IS SO ORDERED.

DATED this 3rd day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE